UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shawn Mace,

    Plaintiff,

  v.

Norman Johnson, M.D., Scott D. Hable,
Renville County and 3 Unnamed Renville
County Correctional Officers,

    Defendants.

Court File No.  11-CV-477 (MJD/LIB)

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

## PRELIMINARY STATEMENT

1. This is a civil action against Defendants Norman Johnson, M.D., Scott D. Hable, Renville County and 3 unnamed Renville County Correctional Officers in their individual capacities for depriving Plaintiff Shawn Mace of his established constitutional right to be free from cruel and unusual punishment.  Specifically, this action challenges Defendants' deliberate indifference to Mace's serious medical needs in violation of Mace's rights secured under the Eighth Amendment of the United States Constitution and 42 U.S.C. § 1983.

## PARTIES

2. Plaintiff Shawn Mace is a citizen of the United States and a resident of the State of Minnesota.

3. Defendant Norman Johnson, M.D. is a citizen of the United States and a resident of the State of Illinois, and is the founder of Advanced Correctional Healthcare, Inc.  Dr. Johnson, in association with Advanced Correctional Healthcare, Inc., purports to administer and/or oversee medical care for over 130 jail facilities around the country.  Dr.

Johnson was responsible for Mace's medical care while Mace was incarcerated at Renville County Jail.

4.      Defendant Scott D. Hable, the Renville County Sherriff, is a citizen of the United States and a resident of the State of Minnesota.

5.      Defendant Renville County is a county located in the state of Minnesota.

6.      On information and belief, the 3 unknown Renville County Correctional Officer Defendants are citizens of the United States and residents of the State of Minnesota.

## JURISDICTION AND VENUE

7.      This action arises under 42 U.S.C. §§ 1983 and the Eight Amendment to the United States Constitution.

8.      The Court has subject matter jurisdiction over Mace's federal claims under 28 U.S.C. §§ 1331 and 1343(a).

9.      The Court has personal jurisdiction over Minnesota residents Hable, Renville County and the 3 Unnamed Correctional Officers.

10.     The Court has personal jurisdiction over Defendant Dr. Johnson because he made contact with, and availed himself to the jurisdiction of, Minnesota by purporting to provide and/or oversee medical care for Mace and other individuals incarcerated at the Renville County Jail.

11.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because all of the events that gave rise to Mace's claims took place within the judicial district of the District of Minnesota.

## FACTUAL ALLEGATIONS

12.     Mace is a 57 year old father of a 14 year old daughter.  For most of his life, he was able to care for himself as well as his daughter.

13.     In 1997, Mace sustained back injuries in an automobile accident.  On or about June 25, 1997, Mace underwent a spinal fusion to treat his injuries.  Mace's surgery was unsuccessful in treating his injuries, and in order to manage his pain Mace's treatment plan included pain medication prescriptions.

14.     On or about February of 2009, Mace was arrested related to the sale of marijuana, and on March 2, 2009, Mace was admitted to Renville County jail.

15.     At the time of Mace's arrest, he was under the medical care of a doctor and taking legal prescriptions for pain, anxiety, muscle spasms, seizures and depression.

16.     Specifically, Mace's prescriptions included: Gabapentin (anti-seizure), Prozac and Trazodone (depression), Oxycontin, and Oxycodone.  Mace also took over the counter medications including Ibuprofen and Tylenol (pain).

17.     Upon arrival at Renville County Jail, officers and medical staff, including Dr. Johnson, were made aware of Mace's medical conditions and Mace's prescription medications.

18.     Without ever examining or speaking to Mace, and without reference to his medical records, Dr. Johnson ordered that Renville County Jail and its correctional officers deny or drastically reduce Mace's prescriptions.

19.     Mace experienced severe withdrawal symptoms due to the sudden and extreme disruption of his medical treatment.   Mace began to hallucinate, vomit,

experience diarrhea, lose consciousness, convulse and was unable to walk or speak coherently.   Mace also experienced severe pain arising from the spinal condition for which he was taking the prescription medication.

20.    A correctional officer witness reported that Mace "went through a horrible ordeal…seriously."

21.    Mace repeatedly asked for medical attention upon denial of his medications, but none was provided.

22.    After approximately 36 hours of experiencing severe withdrawal symptoms, Mace was hospitalized.   Over the next six hours of hospitalization, Mace's condition was somewhat stabilized, and the emergency room doctors returned Mace to the prescription medications that he was receiving prior to incarceration.

23.    On March 4, 2009, Mace was seen by forensic psychiatrist who stated that Mace was in obvious and intense pain, discomfort and distress.

24.    Following his appointment with the forensic psychiatrist, Mace continued to experience emotional, mental and physical distress.   Mace accordingly asked to see the psychiatrist again; the requests were denied.

25.    On March 9, 2009, as a direct result of the severe emotional, mental and physical damage suffered during the denial of medical treatment explained above, Mace attempted to commit suicide by hanging.   Mace was deprived of oxygen for an undetermined amount of time, but Mace was ultimately revived.

26.    As a direct result of the arbitrary denial of Mace's prescribed medications, Mace experienced extreme mental and emotional distress and damage that led to his

suicide attempt.  In addition to this mental and emotional distress suffered by Mace, Mace's suicide attempt and oxygen deprivation further caused Mace to suffer mental and emotional damages including but not limited to memory loss, ADHD, PTSD, and personality disorder.

27.     Due to these conditions, Mace is unable to care for his daughter as he did previously or even support himself.

28.     As a result of the conduct of Defendants alleged above, Plaintiff has experienced pain and suffering, physical sickness, severe emotional distress, physical and mental anguish, humiliation, embarrassment, high blood pressure, and extreme anxiety.

## COUNT I: CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT AND 42 U.S.C. § 1983

29.     Mace incorporates by reference and realleges paragraphs 1 through 28 of this Complaint.

30.     The above-described conduct by the Defendants violated Mace's Eighth Amendment rights by displaying deliberate indifference to Mace's serious medical needs. Defendants were made aware that Mace was taking lawfully prescribed medications, and that he suffered from underlying conditions requiring the medications, but without any reasoning or consideration denied his access to those medications.  Defendants disregarded the risks associated with denial of Mace's medications, and failed to take reasonable measures to abate those risks.  Those risks did indeed occur.  Defendants also failed to properly and timely respond to Mace's condition, which materialized as a result of the denial of his medications.

31.     The acts and omissions of Defendants alleged above were not rationally related to a legitimate government purpose.

32.     Mace requests that the Court award compensatory and punitive damages against Defendants.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

1.     Award compensatory damages in an amount to be determined according to proof by Plaintiff against all Defendants;

2.     Award punitive damages in such other amount as the jury may determine is sufficient to punish Defendants and deter others from committing the constitutional violations alleged in this First Amended Complaint;

3.     Permanently enjoin all Defendants from engaging in conduct and practices violative of individuals' constitutional liberties, such as the conduct stated in this First Amended Complaint as well as that which may proven at trial;

4.     Award Plaintiff his costs, expenses, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and other applicable laws; and

5.     Grant such other and further relief as the court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated:  May 11, 2012                          **BRIGGS AND MORGAN, P.A.**


By:   s/Thomas J. Basting, Jr.
    Thomas J. Basting, Jr. (#283691)
    Jessie J. Stomski (#0389874)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2157
(612) 977-8400

**ATTORNEYS FOR PLAINTIFF
SHAWN MACE**